UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>            Plaintiff,<br><br>    v.<br><br>BRENDER COMMERCIAL LAND HOLDING LLC, et al.,<br><br>            Defendants. | Case No. 21-cv-01125-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 17] |

This Order addresses Defendants Brender Commercial Land Holding LLC and Brender Lodging LLC's Motion to Dismiss the First Amended Complaint. ECF No. 17 ("Motion"). The operative complaint alleges that the website of the Coronet Motel, a Palo Alto motel owned and operated by Defendants, does not comply with the Americans with Disabilities Act or the California Unruh Civil Rights Act because its online reservation system does not allow Plaintiff to book an accessible room or provide sufficient information for Plaintiff to evaluate if any motel room meets his accessibility needs. Defendants move to dismiss the entire First Amended Complaint with prejudice, contending that the website complies with both acts. Plaintiff opposes the Motion. ECF No. 18. The Court found this Motion appropriate for submission without the previously scheduled September 2, 2021 hearing. ECF No. 20. For the following reasons, the Court GRANTS Defendants' Motion to Dismiss WITH LEAVE TO AMEND.

**I.    BACKGROUND**

    **A.    Factual Allegations in the First Amended Complaint**

Plaintiff Brian Whitaker is a quadriplegic who suffers from a C-4 spinal cord injury, which restricts his ability to stand, reach objects, and maneuver around fixed objects. ECF No. 13 ("FAC") ¶¶ 1, 14. His injury forces him to use a wheelchair for mobility. *Id.* ¶ 1. When he

1   travels, Plaintiff requires an accessible guestroom with certain features so that he can "travel
2   independently and safely." *Id.* ¶ 15.
3         Plaintiff alleges that he was planning a trip to Palo Alto, California in January 2021.  FAC
4   ¶ 12.  After searching for a place to stay, Plaintiff says that he chose the Coronet Motel (the
5   "Motel"), a motel located on El Camino Real in Palo Alto and owned and operated by Defendants.
6   *Id.* ¶¶ 13, 17.  Plaintiff navigated to the Motel's reservation website to book an accessible room.
7   *Id.* ¶ 16.  Plaintiff says that he found "two big problems" when trying to book an accessible room.
8   *Id.* ¶ 18.  First, Plaintiff claims that the single room identified as accessible on the website was
9   booked through the end of the booking window (at that time, August 2021).  *Id.* ¶ 19.  Second,
10  Plaintiff says that the Motel's reservation website "does not describe or provide any details of
11  accessibility features related to the entrance doors, bed, desk, or sink in the accessible guestroom."
12  *Id.* ¶ 21.  Plaintiff calls this "frustrating" in light of the fact that "the [M]otel does provide this
13  information for the shower, noting that it is a roll-in shower, with folding seat, grab bars and a
14  hand-held shower wand."  *Id.*  Plaintiff alleges that the information presented on the website does
15  not allow him to determine if the room would work for him given his disability.  *Id.* ¶ 28.

### B. Defendants' Request for Judicial Notice

Defendants ask the Court to take judicial notice of part of the Motel's website.  Along the top of the website there are several navigation tabs, including one labeled "Accessibility."  RJN at 6-8.  The Accessibility tab lists several accessibility features of the property, guest rooms, and bathrooms, including "accessible path of travel around beds," "hearing impaired light alerts," "bathroom door and other hardware easily operable with one hand," "roll-in shower [with] securely fastened folding seat," "lowered towel hooks and racks," "hand-held shower wand," and multiple others.  *Id.* at 8.  Under the Amenities tab, the Motel states: (1) "ADA complaint van parking with 60-inch accessible loading aisle and is adjacent to ADA room types;" and (2) "Outdoor pool with ADA compliant pool lift."  *Id.* at 7.  Both pages say to visit the Accessibility page for further details.  *Id.*  The reservation portal of the Motel's website allows a potential guest to filter for availability in the "One queen bed with ADA access, 1st floor" room.  RJN at 10.

### C. Procedural History

Plaintiff filed his original complaint on February 16, 2021. ECF No. 1. Instead of opposing Defendants' motion to dismiss the original complaint, Plaintiff filed the First Amended Complaint that is the subject of this Motion. *See* FAC. Plaintiff alleges two causes of action, one for violation of the Americans with Disabilities Act, *id.* ¶¶ 33-36, and the second for violation of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. *Id.* ¶¶ 37-40.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III. DISCUSSION

The Court first addresses Defendants' request to take judicial notice and then turns to the Motion itself.

### A. Request for Judicial Notice

Defendants request the Court take judicial notice of nine exhibits. *See* RJN. The first two exhibits are screenshots of the Motel's website, including its homepage (entitled "Lobby"), "Amenities" page, "Accessibility" page, and reservations portal. Plaintiff opposes the request. Opp'n at 1-2. Plaintiff argues that Defendants have changed the website since the lawsuit began. He also submits an attorney declaration attaching purported screenshots of an older version of the

website taken by an investigator hired by Plaintiff's counsel.  *See* ECF No. 18-1 ("Best Declaration").

The Court finds Exhibits 1 and 2 submitted by Defendants appropriate for judicial notice because they contain "information on certain . . . webpages that [Plaintiff] referenced" in his pleading.  *See Love v. Ashford San Francisco II LP*, No. 20-cv-8458-EMC, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).  Plaintiff says that those pages are not the ones that he visited, but there is no dispute that "that website information comes from a URL that matches the URL provided in the complaint[,] [and] there is no dispute . . . that the website information matches what can currently be found on Defendants' website."  *Whitaker v. Montes*, No. 21-cv-679-EMC, 2021 WL 1839713, at *1 (N.D. Cal. May 7, 2021) (taking judicial notice of screenshots of current version of website over objection from plaintiff).  In contrast, Plaintiff's screenshots of the website included in the Best Declaration are not subject to judicial notice.  Those screenshots do not match "what can currently be found on Defendants' website," *id.*, and thus do not represent facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b).  The Court will thus GRANT the request for judicial notice of Exhibits 1 and 2 to Defendants' RJN and DENY Plaintiff's request to consider the exhibits attached to the Best Declaration.

The Court does not consider Defendants' Exhibits 3-9 in deciding this Motion, and so DENIES AS MOOT the request for judicial notice of those exhibits.

**B.     Motion to Dismiss**

    **i.     Count 1 – ADA Claim**

Plaintiff brings his ADA claim under the "Reservations Rule," codified at 28 C.F.R. § 36.302(e). The Reservations Rule requires hotels to, among other things, (i) "ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms," and (ii) "identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently

4

whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(i)-(ii). The regulation itself does not provide further guidance on what features hotels must detail on their website under subsection (ii).

Responding to concerns from industry about the vagueness of this standard, in 2010 the Department of Justice provided guidance on the scope of the information required by subsection (ii) of the Reservations Rule. *See* 28 C.F.R. § Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" ("Guidance"). The Guidance recognized that a hotel's reservations portal is "not intended to be an accessibility survey." *Id.* While "specific information concerning accessibility features is essential to travelers with disabilities," the Department of Justice stated that it "c[ould] not specify what information must be included in every instance" due to variation in the needs of disabled travelers. *Id.* Accordingly, the Guidance stated that "it may be sufficient" for a hotel built in compliance with the ADA Standards for Accessible Design to note in its reservation system that the hotel is accessible and, for every accessible room, to specify the type of room, the size and number of beds, the type of accessible bathing facility, and accessible communication features available in the room. *Id.*

### a. Availability of Accessible Rooms

Plaintiff first argues that the Motel violated subsection (i) of the Reservations Rule because when he attempted to reserve an accessible room, he found that the one accessible room was booked through the end of the booking window. FAC ¶ 36. Defendants argue that the Reservations Rule does not require it to "maintain a stock of available ADA rooms" at all times, and its accessible room was already booked by a patron during Plaintiff's requested dates. ECF No. 19 at 4.

The plain language of the regulation supports Defendants. The Reservations Rule requires only that the Motel maintain procedures to ensure that individuals with disabilities "can make reservations for accessible guest rooms *during the same hours* and *in the same manner* as individuals who do not need accessible rooms." 28 C.F.R. § 36.302(e)(1)(i) (emphasis added). Plaintiff does not allege that the Motel requires a patron needing an accessible room to contact the Motel during different hours, use a different system, or complete different steps than a patron who

5

does not need an accessible room. *Cf. Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2020 WL 5256768, at *15 (S.D. Cal. Sep. 3, 2020) (plaintiff contended that disabled patrons had to "complete additional steps and take additional time to reserve an accessible room, over and above those required for other guests"). Plaintiff's reading of the regulation would require the Motel to make available an accessible room at all times, which cannot square with the Motel's limited capacity and its obligation under other sections of the Reservations Rule. *See* 28 C.F.R. § 36.302(e)(1)(v) (requiring a hotel to "[g]uarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer"). Plaintiff accordingly does not state a claim under subsection (i) of the Reservations Rule.

### b. Accessibility Information on the Motel's Website

Plaintiff then argues that Defendants violated subsection (ii) of the Reservations Rule by failing to provide sufficient information about the accessible features of the Motel on its website. FAC ¶ 36. Defendants argue that its website "provides more accessibility information than is required" by the Reservations Rule. Motion at 6.

The Court agrees with Defendants. Here, the Motel's website provides information beyond that which the Guidance says "may be required" by the Reservations Rule. The website in several places states that the Motel is "accessible," and the website indicates the type of room, the size and number of beds, the type of accessible bathing facility, and any accessible communication features in the room. RJN at 6-8. The Accessibility tab lists even more accessibility features of the property and guest rooms, including "accessible path of travel around beds" and "hearing impaired light alerts." As Plaintiff himself admits, the website contains details about the accessible features in the bathroom, including "roll-in shower [with] securely fastened folding seat" and "hand-held shower wand." FAC ¶ 21; *see also* RJN at 8. Under the Amenities tab, the Motel provides additional information about its accessible pool and parking spots. *Id.* at 7. Finally, the reservation portal of the Motel's website allows a potential guest to filter for availability in the "One queen bed with ADA access, 1st floor" room" so that he or she can browse availability. RJN at 10. As multiple district courts across California have concluded, this extent of information about the accessible features of the Motel satisfies the Reservations Rule as a

matter of law.  *See, e.g.*, *Ashford*, 2021 WL 1428372, at **3-6; *Arroyo v. AJU II Silicon Valley LLC*, No. 20-cv-8218-JSW, 2021 WL 2350813, at *8 (N.D. Cal. Mar. 16, 2021); *Garcia v. Chamber Maid L.P.*, No. CV 20-11699 PA (PDx), 2021 U.S. Dist. LEXIS 49411, at *11 (C.D. Cal. Mar. 15, 2021); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-cv-1409-HRL, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017); *Strojnik v. Orangewood LLC*, No. CV 19-946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *19 (C.D. Cal. Jan. 22, 2020); *Rutherford v. Evans Hotels, LLC*, No. 18-cv-435 JLS (MSB), 2020 WL 5257868, at *16 (S.D. Cal. Sept. 3, 2020); *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752-PA (GJSx), 2021 WL 936176, at **4-5 (C.D. Cal. Feb. 25, 2021).  Plaintiff says these decisions are "simply wrong," Opp'n at 22, but the Court disagrees.  Since the parties completed briefing on the Motion, additional courts have dismissed similar Reservations Rule claims.  *See, e.g.*, *Garcia v. Apple Seven Servs. SPE San Diego*, No. 21-cv-841-ODW, 2021 WL 3568063 (C.D. Cal. Aug. 11, 2021); *Love v. Royal Pac. Motel*, No. 20-cv-7308-JCS, 2021 WL 2711731 (N.D. Cal. Jul. 1, 2021); *Love v. CCMH Fisherman's Wharf LLC*, No. 20-cv-7131-JCS, 2021 WL 1734924 (N.D. Cal. May 3, 2021).

Plaintiff's other arguments in opposition are unconvincing.  First, as he has in some of his other lawsuits, Plaintiff asserts that the Guidance is "some musings" by the Department of Justice and is not entitled to any weight.  Opp'n at 5.  The Court rejects that argument.  Guidance from the Department of Justice is given *Seminole Rock* deference, requiring a court to give it "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation."  *See, e.g.*, *Love v. Lanai Garden Corp.*, No. 20-cv-8918, 2021 WL 3633834, at *5 (N.D. Cal. Aug. 17, 2021) (citing *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015)); *Rios v. Leadwell Global Prop. LLC*, No. 21-cv-267-PJH, 2021 WL 2207408, at *5 (N.D. Cal. June 1, 2021) (Guidance entitled to "substantial deference").  Other courts have found the Guidance controlling, and this Court does too.

And second, the two decisions that Plaintiff cites denying motions to dismiss Reservations Rule claims are both distinguishable.  In *Garcia v. Patel & Joshi Hosp. Corp.*, No. 20-cv-2666-JGB-PVC, 2021 WL 1936809 (C.D. Cal. Mar. 19, 2021), plaintiff challenged accessibility descriptions that stated only the features that the Guidance states "may be sufficient" to meet the

7

Reservations Rule. The Court found that the plaintiff's desire for information about "the accessibility of toilets or of clear floor space" was "sufficiently narrow and consistent with the kinds of information the DOJ Guidance identifies as potentially sufficient." *Id.* at *13-14. In contrast, the Hotel website here contains the additional information about toilet accessibility and floor space that the plaintiff sought, and far more. *See* RJN at 9-10. Plaintiff also cites *Love v. Cow Hollow Motor Inn. Assocs., L.P.*, ECF No. 21, No. 20-cv-7525 (N.D. Cal. Feb. 17, 2021), which found that the admonition in the Guidance that certain accessibility details "*may* be sufficient" to meet the Reservations Rule created a factual dispute about the sufficiency of accessibility details on a hotel website. The Court respectfully parts ways with that decision and joins the other district courts that have found these very same disclosures sufficient as a matter of law.

Accordingly, Plaintiff does not state an ADA claim under subsection (ii) of the Reservations Rule either. Plaintiff's ADA claim is thus DISMISSED.

### ii. Count 2 – Unruh Act Claim

Plaintiff's claim under the Unruh Act is premised on the alleged ADA violation. *See* FAC ¶¶ 38-39. Because the Court has dismissed the ADA claim, the Unruh Act claim is also DISMISSED. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021) ("The Unruh Act is coextensive with the ADA. Thus, our analysis of Whitaker's ADA claim applies equally to his Unruh Act claim."); *Ashford*, 2021 WL 1428372, at *6 (dismissing Unruh Act claim after dismissing ADA claim).

### C. Leave to Amend

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). Several other decisions have dismissed ADA Reservation Rule claims with prejudice after only one motion to dismiss was decided. *See, e.g.*, *CCMH Fisherman's Wharf*, 2021 WL 1734924, at *9; *Apple Seven Servs.*, 2021 WL 3568063, at *3. It is unclear whether Plaintiff can amend to correct the defects identified in this order. The Court has found that the current version of the website complies with the Reservation Requirement, but also recognizes that Plaintiff has alleged in

8

opposition that Defendants' website changed after Plaintiff filed this lawsuit. *Compare* RJN at 6-8, 10-11 (Motel website with Accessibility tab), *with* Best Declaration at 4, 6 (Motel website without Accessibility tab). Because there is a dispute about what the website said when Plaintiff visited it, it may be "possible" for Plaintiff to amend to state a claim. *Vess*, 317 F.3d at 1108.

Plaintiff should carefully evaluate whether to amend. If Plaintiff chooses to amend, he should consider that the ADA only allows private plaintiffs to receive injunctive relief, *see* 42 U.S.C. § 12188(a)(1), and so Defendants may argue that his ADA claim is moot. If the ADA claim is moot, the Court would probably not exercise supplemental jurisdiction over the Unruh Act claim, as it has declined to do before. *See Johnson v. Techbusiness Resources, LLC*, No. 20-cv-6048-BLF, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020). The Court does not "prejudge" the mootness argument, which would involve "assess[ing] the likelihood of Defendants returning to a noncompliant website" in the future, but urges Plaintiff to consider how it affects the propriety of amendment here. *See Montes*, 2021 WL 1839713, at *2 (dismissing with leave to amend but identifying potential mootness issue).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED WITH LEAVE TO AMEND. If he believes he can rectify the defects discussed above, Plaintiff SHALL file an amended complaint no later than 14 days from the date of this Order. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in dismissal of Plaintiff's claims with prejudice.

Dated: August 23, 2021

_____
BETH LABSON FREEMAN
United States District Judge