# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>Plaintiff,<br><br>v.<br><br>BRENDER COMMERCIAL LAND HOLDING LLC, et al.,<br><br>Defendants. | Case No. 21-cv-01125-BLF<br><br>**ORDER DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE; TERMINATING AS MOOT MOTION TO DISMISS**<br><br>[Re: ECF Nos. 24, 27] |

On October 18, 2021, this Court issued an order to show cause why the remaining Unruh Act claim should not be dismissed without prejudice for lack of subject matter jurisdiction. *See* ECF No. 27. Plaintiff timely responded, opposing dismissal. ECF No. 28.

The Court will decline supplemental jurisdiction over the Unruh Act claim and DISMISS it WITHOUT PREJUDICE to refiling in state court. Plaintiff principally argues that this Court should exercise supplemental jurisdiction because the Unruh Act claim is "uniquely wedded" to his ADA claim, and "it makes no sense to separate them." *See* ECF No. 28 at 2-3. In support, Plaintiff cites cases in which courts have exercised supplemental jurisdiction over an Unruh Act claim where an ADA claim has survived. *Id.* But that is not the case here. The Court dismissed Plaintiff's ADA claim with leave to amend, but he declined to replead that claim in the Second Amended Complaint. ECF No. 23. Accordingly, there is no efficiency to be gained by litigating that claim here in federal court rather than state court (should Plaintiff choose to refile there). Because the claim "over which [this court] has original jurisdiction" is dismissed, the Court can and will "decline to exercise supplemental jurisdiction" over the Unruh Act claim. *See* 28 U.S.C. § 1367(c)(3). This is consistent with the practice of courts in this District, including this Court. *See, e.g.*, *Johnson v. Techbusiness Res., LLC*, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020);

1   *Johnson v. Torres Enters. LP*, 2019 WL 285198, at *4 (N.D. Cal. Jan. 22, 2019).

2         Accordingly, the Unruh Act claim is DISMISSED WITHOUT PREJUDICE to refiling in
3   state court.  Because no claims remain, Defendant's motion to dismiss is TERMINATED AS
4   MOOT.  *See* ECF No. 24.  The Clerk shall close the file.

6   Dated:  October 26, 2021

                                                              *[signature]*
BETH LABSON FREEMAN
United States District Judge